J. Edward Dazey, Appellee, v. Septimus Williams and John F. Egan, Defendants. John F. Egan, Appellant.

Gen. No. 32,863.

330

Opinion filed April 17, 1929.

FRANK H. REPETTO and ROBERT D. MALICK, for appellant.

HENRY M. HAGAN, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action on a so-called judgment note for $1,500, signed by the defendants, dated October 1, 1927, payable ninety days after date, with interest until maturity at 6 per cent per annum, to the order of Henry W. Graf, and by him indorsed and delivered to the plaintiff before maturity. The judgment by confession was entered and on motion and an affidavit supporting the same of the defendant (appellant John F. Egan), the judgment was opened and the defendants let in to plead, the judgment in the meantime standing as security.

There was a trial before the court, in which there was a finding for plaintiff and the judgment entered by confession sustained. The defendant Egan moved

for a new trial which was overruled, and this appeal prayed and perfected.

The defendant Egan prosecutes this appeal in his own behalf, his codefendant Williams having dropped out of the picture.

In the first place in this class of cases where the judgment by confession is opened and the defendant let in to plead, he is limited in his pleadings to the merits and cannot be heard to urge technical questions of procedure. A great deal of testimony on behalf of Egan was admitted subject to plaintiff's objections made thereto. There was quite a good deal of it, but in the conclusion to which the court came, he evidently paid no attention to evidence which should not have been admitted. By the court's finding every objection made by plaintiff was sustained.

The plaintiff proceeded by introducing the note in suit in evidence and rested his case. In Egan's first point in his brief it is written that "the introduction of the judgment note made a prima facie case for the plaintiff," and cites authority in support thereof. The introduction of the note did make a prima facie case for plaintiff. Upon its face the note was in every respect regular, indorsed by the payee Graf, and delivered to the plaintiff before maturity.

It appears that the defendants Williams and Egan were engaged in a building transaction upon which building Graf did the plastering.

We think that Egan's own evidence, which was admissible under the rules of evidence and which we must assume is the only evidence the court gave credence to in coming to his decision, is sufficient in itself to sustain the claim of plaintiff upon the note. The note in suit was the renewal of a previous note, and from that incident itself may be inferred a ratification of the transaction.

Egan testified that the note in suit was presented to him for signature when it was made out in favor of

Henry W. Graf; that the defendant Septimus Williams brought the note to Egan's office at 7744 Racine Avenue, Chicago; that Williams told Egan at the time that they were short $1,500 to pay the plastering contractor on the building, and that he had arranged with Graf that if he (Williams) and Egan would sign the note, Graf would accept it in lieu of the $1,500 deficit, and thereupon he immediately signed the note, and that Williams also signed the note at the same time. Egan further testified that Graf told him that he had given his personal check to Williams for $1,500, that he (Egan) signed the note in good faith for the amount said to be due on the building; that he did not intend under the circumstances to pay any of the $1,500 when rightly he did not owe it; that Graf told him at the time that he had the canceled check for $1,500, his own personal check, which he gave to Williams, Egan's codefendant, and after that he received notice from the South West State Bank in due course of mail that the note given by defendants for $1,500 to Graf was due and payable at the bank, and also that he received a second notice to the same effect, as he paid no attention to the first, and this suit followed.

The note in suit was dated October 1, 1927, and the note for which it was given as renewal was dated July 1, 1927. Egan testified that the note in suit was a renewal of the note given July 1, 1927. According to Egan's own evidence the note was given for a consideration of $1,500 received from the payee Graf.

There is no evidence in the record that plaintiff received the note in suit after its maturity, and in this state of the record the presumption of law is that he received the note before maturity. The whole case rests upon the weight of the evidence, there being no errors of procedure and no propositions of law or fact submitted to the trial court.

In the condition of this record Egan presents no legitimate evidence overcoming the prima facie case

made by plaintiff in the introduction and receiving of the note in evidence. The holder of a note indorsed in blank is presumed to be an innocent purchaser for value before maturity. It was so held in *Bates v. Cronin's Estate,* 196 Ill. App. 178. Such is the effect of the Negotiable Instrument Act of Illinois, Cahill's St. ch. 98, ¶ 79, where it is written that "every holder is deemed prima facie to be a holder in due course . . ."

The note in suit is a renewal of a note previously given for the same debt July 1, 1927, and there is nothing in the evidence calling in question the *bona fides* of that note or the transaction which culminated in its being given.

There is no reversible error in the record before us. Therefore the judgment of the municipal court is affirmed.

*Affirmed.*

WILSON and RYNER, JJ., concur.